UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                        DECISION AND ORDER

                    Plaintiff,

                                        18-CR-6061L

          v.

DAVID ROY JONES,

                    Defendant.

_____

        Defendant David Roy Jones ("Jones") stands indicted in the Western District of New York, and charged with two counts of production of child pornography which occurred in January 2004 concerning a minor, "Victim #1" and in July 2006 concerning both Victim #1 and a second minor, "Victim #2".

        This Court referred all pretrial motions and matters in the case to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b). Motions were filed and many were resolved by Magistrate Judge Feldman during argument on the motions.

        The Government had filed a Notice of Intent to Use Evidence which included the results of several search warrants issued in Tennessee in 2017 by state judge John Dugger. The Government also indicated its intent to use evidence obtained from a warrant issued in the Western District of New York on November 28, 2017 ("Federal Warrant"). (Dkt. #25, Exhibit H). That Federal Warrant authorized the search of a Dell laptop and a Samsung hard drive that had also been the subject of two of the prior state warrants.

Defendant now moves in this federal action to suppress all of the evidence seized and searched pursuant to the warrants issued in Tennessee, as well as the Federal Warrant.

Magistrate Judge Feldman issued a thorough Report and Recommendation (Dkt. #35). The Magistrate Judge recommended that defendant's motion to suppress be denied in all respects. Thereafter, defendant filed Objections to the Report and Recommendation (Dkt. #38) and the Government filed a Response to those objections (Dkt. #39).

Objections having been made to the Magistrate Judge's Report and Recommendation, this Court must conduct a *de novo* analysis and review of the issues presented. This Court may then accept, reject, or modify, all or in part, the findings and recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

After reviewing the Magistrate Judge's Report and Recommendation, the Objections to it, as well as the Government's Response, and also the papers filed by the parties before the Magistrate Judge, I accept the ultimate conclusion and recommendation that defendant's motion to suppress evidence be denied. I modify that Report and Recommendation, however, to some extent since I base this Court's ruling, in part, in legal authority not specifically relied upon by the Magistrate Judge.

## **DISCUSSION**

As set forth in the filings and Report and Recommendation, an investigation of the defendant began in Hamblen County, Tennessee, when the Sheriff's Office there received a complaint from the mother of the female victim alleging that defendant had got her daughter and the daughter's friend "drunk and high" and then took "nude" photos of them. Apparently, based on this complaint and other matters, a detective with the Sheriff's Office applied for and obtained

six separate state warrants for defendant's property. These warrants included cellular telephone devices, a laptop computer, a Samsung hard drive, two Kodak picture cards and other media. An itemization of the specific warrants is set forth in the Report and Recommendation, Footnote 2. Pursuant to those warrants, the mentioned devices were seized and some were search and analyzed.

In July 2017, Jones pleaded guilty in Tennessee state court to two counts of sexual exploitation of a minor. The plea agreement provided principally for an aggregate sentence of two years imprisonment.

The investigation in the Western District of New York, which led to his indictment, resulted after a victim residing in the Western District contacted the FBI after learning that Jones had been arrested and prosecuted in Tennessee. That victim reported that years earlier Jones had produced child pornography of her when she was a minor. As a result of that investigation, the FBI requested a warrant and the Federal Warrant was signed on November 28, 2017, authorizing the search of the Dell Inspiron laptop and a Samsung hard drive that had also been the subject of two prior state warrants. Apparently they had not been searched after having been seized in Tennessee. (Report and Recommendation, Dkt. #35, p.3).

In opposing the motion to suppress, the Government relied on several theories, including waiver, inevitable discovery, and especially on the good-faith doctrine established by the United States Supreme Court in *United States v. Leon*, 468 U.S. 897 (1984).

In his decision, the Magistrate Judge did not rely on the *Leon* doctrine, but instead focused on the Government's "waiver" argument which the Magistrate Judge determined to be appropriately characterized as collateral estoppel. The Magistrate Judge, relying on the Second Circuit decision in *United States v. Gregg*, 463 F.3d 160 (2d. Cir. 2006), determined that Jones having pleaded guilty to sexual exploitation based on the devices seized and searched in Tennessee

3

was estopped from now challenging the admission and use of images obtained from those same devices and media in this prosecution in the Western District of New York.

In *Gregg*, the Second Circuit determined that on the facts of that case, defendant was free to litigate the suppression issues in the subsequent prosecution. *Gregg* involved a charge of possession of a firearm by a convicted felon subsequent to Gregg's guilty plea to a false impersonation charge (using an improper Metrocard on the New York subway). The *Gregg* court found that the defendant had no incentive to move to suppress or challenge the officer's original conduct in approaching him relative to the Metrocard. Gregg did not challenge that encounter but challenged the subsequent activity of the police in searching him which resulted in discovery of the firearm. Magistrate Judge Feldman determined that the case involving Jones is different from the facts in *Gregg*.

I agree with the Magistrate Judge that the principle of collateral estoppel bars Jones in this case from litigating issues relating to the search and seizure of the various items in Tennessee authorized by the warrants. As the Government notes in its Response (Dkt. #39), the Government's case in the Western District of New York is based upon some of the same materials seized in Tennessee pursuant to the warrants there. Magistrate Judge Feldman referenced that the federal charge involves the "same images" that form the basis for the plea in Tennessee. Although Magistrate Judge Feldman used the phrase "same images" that form the basis of both charges, it is perhaps more accurate to state that the search and seizure involved the same devices and that the evidence discovered there, form the bases for both prosecutions. The parties often refer interchangeably to "images," "materials," and "devices."

Apparently, no specific images were referenced in Tennessee during the plea colloquy there, but the point is, with reference to *Gregg*, Jones had an opportunity in Tennessee to litigate

4

the validity of the warrants that produced the evidence which led to his eventual plea and sentence in Tennessee. Unlike the fare-abuser in *Gregg*, Jones certainly had the incentive and motivation to litigate Fourth Amendment issues in Tennessee. That motivation and incentive was an important consideration for the Second Circuit in deciding *Gregg*. *See* 463 F.3d at 166. There the Second Circuit noted that Gregg had "no incentive whatsoever" to litigate the propriety of the initial police contact concerning the Metrocard. In our case here, Jones certainly had that incentive and having pleaded guilty, under principles of collateral estoppel, he is now barred from litigating the matter in this Court.

I do not, however, rest my decision to accept the Magistrate Judge's ultimate recommendation denying suppression solely on collateral estoppel. I also rest my decision on an alternative ground. This is not a case in Tennessee or in the Western District of New York where police officers conducted searches without judicial intervention. In both Tennessee and here in the Western District of New York, law enforcement officers applied to judicial officers for authority to search the indicated places and items.

Relying on the order and warrant of Judge Dugger in Tennessee and the Magistrate Judge in the Western District of New York, warrants were issued and items seized and searched. In my view, the good-faith doctrine established in the *Leon* case precludes suppression of evidence here. The police set forth facts which were ultimately approved by judges and resulted in the issuance of search warrants. As *Leon* recognized, the underlying purpose for suppression is to act as a sanction for improper police conduct. That "purpose" is not served at all if the officers were relying not on their own judgment, but on the authority and directive of a judge.

Therefore, replying on *Leon*, and recognizing the Supreme Court's directive that suppression of otherwise relevant evidence is not justified unless it has "real deterrent value," *see*

*Davis v. United States*, 564 U.S. 229, 237 (2011), I decline to suppress evidence obtained in executing the search warrants.

I note that the Government's Notice of Intent to Use Evidence is very broad and includes all of the evidence that was seized and searched pursuant to the Tennessee warrants and the Federal Warrant. The scope of that notice, however, is not relevant for Fourth Amendment purposes. The fact that the Government has failed to narrow its intent to specific items is not germane at this time. That is a trial evidentiary matter involving issues of relevance and prejudice to be decided as an *in limine* matter or at trial.

## CONCLUSION

I accept the Magistrate Judge's Report and Recommendation, as modified, after this Court's *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C).

Defendant's motion to suppress evidence obtained through the execution of state warrants in Tennessee and the Federal Warrant issued in the Western District of New York is in all respects DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 18, 2019.